WILLIAM BRUMSEY v. CLYDE MATHIAS AND GLADYS MATHIAS.

(Filed 3 January, 1940.)

**Automobiles § 19—**

> In an action by a guest in an automobile against the driver to recover for injuries sustained in an accident occurring in the State of Virginia, judgment for plaintiff is error when the jury finds that the defendant was not guilty of gross negligence, since such finding is necessary to a recovery by a guest under the laws of that state.

APPEAL by defendants from *Carr, J.,* at March Term, 1939, of CURRITUCK. Reversed.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Ans.: 'Yes.'

"2. Was the negligence of the defendants gross negligence? Ans.: 'No.'

"3. Did the plaintiff contribute to his injury by his own negligence, as alleged in the answer? Ans.: 'No.'

"4. What damages, if any, is the plaintiff entitled to recover of the defendants? Ans.: '$500.00.' "

The court below rendered judgment on the verdict against the defendants for $500.00. The defendants made numerous exceptions and appealed to the Supreme Court.

A. H. Scales, Chester R. Morris, M. B. Simpson, and R. Clarence Dozier, for plaintiff.
J. Henry LeRoy for defendants.

PER CURIAM. The injury to plaintiff occurred in the State of Virginia. The evidence indicates that plaintiff was a guest. Under the law of Virginia a guest cannot recover except for gross negligence.

From a careful reading and re-reading of the record and briefs, we cannot say that the conduct of defendants amounted to gross negligence. Farfour v. Fahad, 214 N. C., 281.

The judgment is
Reversed.